UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>    Defendant. | Case No. 18-cv-02965-HSG (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 35 |

On May 18, 2018, Plaintiff Jane Doe filed the instant Employee Retirement Income Security Act ("ERISA") case against Defendant Sun Life Assurance Company of Canada, alleging that Defendant terminated her long-term disability claim. (Compl. ¶¶ 1-2, Dkt. No. 1.) On February 6, 2019, the parties filed a joint discovery letter regarding Plaintiff's request for all instant messaging ("IM") notes or memos generated by Defendant during its administration of Plaintiff's claim. (Discovery Letter at 1, Dkt. No. 35.) Plaintiff asserts that Defendant generates IM notes or memos in administering long-term disability claims, but that Defendant did not provide any IM notes or memos in the ERISA administrative record. (*Id.*) Defendant responds that it has provided a complete administrative record. (*Id.* at 2.)

The Court DENIES Plaintiff's request for further production; the Court cannot compel Defendant to produce documents that do not exist. Defendant states that it has no IMs, and that to the extent Plaintiff is arguing there are specific documents Defendant did not include in the administrative record, no such documents exist. (Discovery Letter at 2-3.) While Plaintiff argues that the administrative record must include "documents generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination," Defendant asserts that it has done so. (*Id.* at 2.)

Specifically, Defendant states that it not only produced documents it relied upon, but that it has also "produced documents that it generated; produced documents that it considered; <u>and</u> produced documents it evaluated." (*Id.*) Thus, there is no reason for the Court to believe any documents are being improperly withheld.

In the alternative, Plaintiff argues that Defendant should be required to provide a sworn declaration hat no IM memos or notes were generated that relate or refer to Plaintiff or her claim. (Discovery Letter at 2.) Plaintiff provides no legal authority for such a requirement, and the Court finds this requirement unnecessary. Again, Defendant has stated that no such documents exist; a sworn affidavit to that effect is not needed.

IT IS SO ORDERED.

Dated: February 15, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge