UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br> v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>   Defendant. | Case No. 4:18-cv-02965-HSG (KAW)<br><br>**ORDER REGARDING 2/6/19 JOINT LETTER**<br><br>Re: Dkt. No. 34 |

On February 6, 2019, the parties filed a joint letter concerning Plaintiff's Interrogatory Nos. 1-4. (Joint Letter, Dkt. No. 34.) Specifically, the parties dispute whether discovery outside of the administrative record is appropriate. *Id.* at 1-2. Upon review of the joint letter, the Court finds that Plaintiff has not met her burden of showing that an exceptional circumstance exists in which the introduction of evidence beyond the administrative record could be considered necessary.

## I. BACKGROUND

Plaintiff Jane Doe filed a lawsuit under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), as it involves a claim for employee benefits under an employee benefit plan regulated and governed under ERISA. This case involves Plaintiff's claim for additional long-term disability benefits, which were administered and funded by Sun Life. (Joint Letter at 1.)

Dr. Michael Villanueva, a clinical neuropsychologist, was hired through a third-party vendor to review the claim on appeal for Sun Life. (Joint Letter at 3.) Dr. Villanueva prepared a 24-page report and addendum, which was included in the administrative record. *Id.* Plaintiff's appeal was denied. Sun Life's position is that Plaintiff received her monthly disability benefits for the maximum benefit period allowed by the Group Policy, based on Sun Life's determination that

Plaintiff's disability was due to her depression and/or alcohol use. *Id.* Plaintiff contends that her long-term disability is due to cognitive deficits arising "from the removal of a brain tumor in 2009 and a concussion she allegedly sustained in a car accident in 2013." (Dkt. No. 22 at 2:21-22.)

## II. LEGAL STANDARD

The district court's standard of review to a challenge to an ERISA plan's denial of benefits is de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Opeta v. Nw. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1216 (9th Cir. 2007) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (internal quotations omitted)). Under de novo review, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006).

Nonetheless, a district court may exercise its discretion to look beyond the administrative record only where circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefits decision. *Gonda v. Permanente Med. Grp., Inc.*, 300 F.R.D. 609, 613 (N.D. Cal. 2014) (citing *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 943 (9th Cir. 1995); *see also Opeta*, 484 F.3d at 1217. The non-exhaustive list of "exceptional circumstances" include:

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Opeta,* 484 F.3d at 1217 (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993).

///

///

///

### III. DISCUSSION

Here, Plaintiff requests to compel responses[1] to Interrogatory Nos. 1-4, which seek information pertaining to Dr. Villanueva's review of other disability insurance claims, whether claims were rejected or denied after Dr. Villanueva's review, and his compensation from reviewing those claims. (Joint Letter at 1, 5.)

As an initial matter, the parties do not dispute that the standard of review is de novo. (Joint Letter at 1.) Plaintiff, however, argues that additional information sought "is discoverable, as this information is relevant to the issue of [Dr. Villanueva's] credibility as a medical expert." (Joint Letter at 2.)

In opposition, Defendant contends that no additional discovery should be allowed absent Plaintiff making a showing that an exceptional circumstance exists. (Joint Letter at 3.) The Court agrees.

Plaintiff has not met her burden of showing that Dr. Villanueva has a conflict of interest based on being compensated for reviewing medical records for the purposes of making benefits determinations. Plaintiff relies on *Gonda*, in which the district court permitted discovery pertaining to Dr. Villanueva's services reviewing insurance claims, because "the information sought by Plaintiff may be helpful in comparing the reports of the two doctors." 300 F.R.D. at 615. *Gonda*, however, is neither controlling nor does it stand for the proposition that information pertaining to a medical expert's potential conflict is always discoverable in an ERISA proceeding where the standard of review is de novo. Indeed, the plaintiff in *Gonda* had filed a second appeal, which was supported by a report disputing Dr. Villanueva's finding. *Id.* at 612. There, the plaintiff argued that the conflicting medical report "call[ed] into question the reliability of Dr. Villanueva's report, as well as Dr. Villanueva's qualifications and impartiality." *Id.* Moreover, the *Gonda* plaintiff argued that the "purported deficiencies in Dr. Villanueva's report also raise concerns that PsyBar has an institutional bias." *Id.*

Here, however, Plaintiff does not make any such claims, let alone explain what exceptional

---

[1] Sun Life's discovery responses consisted solely of objections. (Joint Letter, Ex. 1.)

circumstance exists that would permit additional discovery. Instead, she cites to cases where limited discovery was permitted without explaining how they apply to the facts of her case. In fact, the undersigned notes that, here, the parties have vastly different positions regarding the source of Plaintiff's disability: brain tumor and traumatic brain injury versus depression and substance abuse.

Thus, based on the information provided, the undersigned does not find that extrinsic evidence pertaining to Dr. Villanueva's workload and compensation is necessary to conduct an adequate de novo review of Sun Life's benefits determination. To find otherwise would be an abuse of discretion. *See Opeta*, 484 F.3d at 1218.

Accordingly, Plaintiff's request to compel responses to Interrogatory Nos. 1-4 is denied.

### IV. CONCLUSION

Since Plaintiff has failed to carry her burden of showing that an exceptional circumstance exists, Defendant need not respond to Interrogatory Nos. 1-4.

IT IS SO ORDERED.

Dated: February 28, 2019

KANDIS A. WESTMORE
United States Magistrate Judge